## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LEGACY ENTERTAINMENT**
**& ARTS FOUNDATION, INC d/b/a**
**LAWYERS MATTER TASK FORCE;**
**BLACK LIVES MATTER TAMPA, LLC;**
**COMMUNITY EMPOWERMENT PROJECT, INC.;**
**AND LEWANNA GELZER.**

         **Plaintiffs,**

**V.**                       **Case No.: 6:21-cv-00698**

**RONALD DION DESANTIS, in his official**    **INJUNCTIVE RELIEF**
**capacity as Governor of the State of Florida;**  **AND JURY TRIAL**
**ASHLEY BROOKE MOODY, in her official**    **DEMANDED**
**Capacity as Attorney General of the State of**
**Florida; and JOHN WILLIAM MINA, in his**
**official capacity as Sheriff of Orange County,**
**Florida;**

         **Defendants.**

_____

## FIRST AMENDED COMPLAINT

Legacy Entertainment & Arts Foundation, Inc., d/b/a Lawyers Matter Task Force, Black Lives Matter Tampa, LLC ("BLM Tampa"), Community Empowerment Project, Inc. ("CEP"), and Lewanna Gelzer ("Gelzer"), by and through their undersigned counsel, and for their Complaint against

Defendants, Governor Ronald Dion DeSantis, Attorney General Ashley Brooke Moody, and Orange County Sheriff, John William Mina, state and allege as follows:

## INTRODUCTION

1.     This is an as-applied and facial constitutional challenge under 42 U.S.C. § 1983, to Florida CS/House Bill 1, to be codified in Florida Statutes [ __ ] (Combating Public Disorder Act) (hereinafter the "Anti-Riot Bill" or the "Bill"), and such Florida laws it amends[1] (collectively the "Denounced Laws"). Under the pretext of preventing "riots," the Denounced Laws seek to arrest the peaceful expression of free speech protected by the United States Constitution by: (1) equating peaceful organizing and the support of protest by "acting in furtherance of a riot", "inciting a riot," or "acting with a common intent"; (2) exposing peaceful demonstrators and social justice advocacy organizations to civil and/or criminal liability for the "conditions arising from a riot" caused by conduct that unrelated persons who engage in, regardless of

---

[1] See Florida Statutes §§ 166.241, 316.2045, 768.28, 748.011, 784.021, 784.03, 784.045, 784.07, 806.13,810.02, 812.014, 870.01, 870.02, 921.0022.

BATES LIGON, PLLC
111 North Orange Avenue, Suite 800
Orlando, FL 32801
http://www.fltriallawyers.com

the protestors' or organizations' intent, the likelihood that their speech with result in violence or forceful action, or the imminence of such an action; (3) failing to adequately describe what conduct or speech will subject an individual or an organization to liability for "inciting a riot"; (4) effectively discouraging any support of peaceful protest "with two or more persons acting with a common intent"; (5) intimidating protestors or organizations from participating in protests by "increasing the offense severity ranking" and "requiring persons arrested for such violation be held in custody until first appearance" for crimes committed in "furtherance of a riot," all in violation of the First, Eighth, and Fourteenth Amendments. A true and exact copy of the Bill is attached to the Complaint as **Exhibit A** (Doc. 1-1) and incorporated herein by reference.

2.     The right of individuals to express themselves on important public issues – including police reform, as seen in the aftermath of the murder of George Floyd in 2020 – is a form of expression that "has always rested on the highest rung of First Amendment values." Carey v. Brown, 447 U.S. 455, 467 (1980). The First Amendment exists to "protect the free discussion of governmental affairs," Mills v. State of Alabama, 348 U.S. 214, 218 (1966), and enable "uninhibited, robust, and wideopen" debate on public issues, Watts

v. United States, 394 U.S. 705, 708 (1969). This "is more than self-expression; it is the essence of self-government." Garrison v. Louisiana, 379. U.S. 64, 74-75 (1964). And "[e]ffective advocacy of both public and private points of view, particularly controversial ones, is undeniably enhanced by group association." N.A.A.C.P v. State of Alabama ex rel. Pattterson, 357 U.S. 449. 460 (1958).

3.     Plaintiffs plan to exercise their First Amendment rights to free speech and association to protest both public and private points of view, and will encourage others to participate in such forms of peaceful self-expression. In particular, Plaintiffs plan to hold a demonstration on or about May 15th, 2021 to protest the deprivation of minorities' civil rights by state actors.

4.     Plaintiffs plan to exercise their First Amendment rights of free speech and association to protest both public and private points of view, and will encourage others to participate in such forms of peaceful self-expression.

5.     The Anti-Riot Bill was passed in response to protests against the murders of minorities by the hands of police officers – including the murders of George Floyd, Breonna Taylor, and Elijah McClain.

4

6.      These statutes are unconstitutional on their face and as-applied to Plaintiffs' planned speech and expressive conduct because: (1) they target protected speech under the First Amendment; (2) they are written with the intent of defining any such protest as a "riot" or participation in such protest as "inciting a riot"; and (3) they retaliate against those subjected to these laws with excessive bail, fines, or cruel and unusual punishment as a means of hindering the speech of dissenting opinions.

## PARTIES

7.      Plaintiff, Lawyers Matter Task Force, is an extension of the Legacy Entertainment & Arts Foundation, Inc. 501(c)3, located in St. Petersburg, Florida. Lawyers Matter was founded as a nonprofit advocacy organization to combat racial injustice and assist families who have lost loved ones to police brutality.

8.      Plaintiff Gelzer is a resident and citizen of Orlando, Florida and a member of a protected class under 42 U.S.C. § 1981, et seq.

9.      Plaintiff BLM Tampa is a local chapter of the Black Lives Matter Movement, located in Tampa, Florida. BLM Tampa is a nonprofit advocacy

organization formed to combat racial injustice and assist families who have lost loved ones due to violations of civil rights.

10.     Plaintiff CEP is located in central Florida and was founded as a nonprofit advocacy organization dedicated to social and environmental justice and Empowerment.

11.     Defendant Ronald Dion DeSantis the Governor of the State of Florida ("Gov. DeSantis" or "DeSantis"). He is responsible under Florida law for ensuring "the laws be faithfully executed" and has the "authority to protect life, liberty, and property." Florida Statutes §§ 14.01, et. seq. Defendant DeSantis is sued for his official capacity as the Governor of the State of Florida.

12.     Defendant Ashley Brooke Moody is the Attorney General of the State of Florida ("A.G. Moody" or "Moody"). She is the State's chief law enforcement officer and representative of the State in "all suits or prosecutions, civil or criminal or in Empowerment," brought or opposed by the State. Florida Statutes §§ 16.01, et. seq. Defendant Moody is sued for her official capacity as the Attorney General of the State of Florida.

6

13.     Defendant John William Mina is the Sheriff of Orange County, Florida ("Sheriff Mina" or "Mina"). He is the chief law enforcement officer in Orange County, Florida and is responsible for keeping the peace and order. Defendant Mina is sued for his official capacity and the Sheriff of Orange County, Florida.

## JURISDICTION AND VENUE

14.     This Court has original jurisdiction over the subject matter of Plaintiffs' causes of action, pursuant to 28 U.S.C. §1331, because they arise under the First, Eighth and Fourteenth Amendments of the United States Constitution. U.S.C.S. Const. Amend. 1, VIII, and XIV.

15.     The events giving rise to the claims alleged in the Complaint arose in Orange County, Florida which is within the confines of the Orlando Division of the Middle District of Florida.  28 U.S.C. §89(b).  Venue in this Court is therefore proper pursuant to 28 U.S.C. §1441(a).

16.     All conditions precedent to the bringing of this action by Plaintiffs, if any, have occurred, or their performance has been waived by Defendants.

17.     Plaintiffs have employed their undersigned attorneys and has agreed to pay them a reasonable fee for their services herein.

## STATEMENT OF FACTS

## I.  THE "ANTI-RIOT" BILL

15.     The Anti-Riot Bill passed the Florida Legislature on April 15, 2021. The Bill was signed by Gov. DeSantis on April 19, 2021 and took effect immediately.

16.     The Anti-Riot Bill provides, in relevant part:

i.    "A person may not wilfully obstruct the free, convenient, and normal use of a public street, highway, or road by:

1.  Impending, hinder, stifling, retarding, or restraining traffic or passage thereon;

2.  Standing on or remaining in the street, highway, or road; or

3.  Endangering the safe movement of vehicles or pedestrians traveling thereon."

8

ii. "A person who assaults another person in furtherance of a riot or aggravated riot prohibited under s. 870.01 commits a misdemeanor of the first degree.

*      *      *

"A person who commits an aggravated assault commits a felony of the third degree."

"For the purposes of sentencing…a violation of this section committed by a person acting in furtherance of a riot or an aggravated riot…is ranked one level above the ranking...for the offense committed."

iii. "A person who commits a battery in furtherance of a riot or aggravated riot…commits a felony of the third degree."

iv. "For the purposes of sentencing…a violation of this section committed by a person acting in furtherance of a riot or an aggravated riot…is ranked one level above the ranking…for the offense committed."

v. "It is unlawful for a person, assembled with two or more other persons and acting with a common intent, to use force or threaten to use imminent force, to compel or induce, or

9

attempt to compel or induce, another person to do or refrain from doing any act or to assume, abandon, or maintain a particular viewpoint against his or her will."

"A person who violates [this section] commits a misdemeanor of the first degree."

"A person arrested for a violation of this section shall be held in custody until brought before the court for admittance to bail."

vi.   "Notwithstanding any other provision of the law, a person convicted of battery upon a law enforcement officer committed in furtherance of a riot or an aggravated riot…shall be sentenced to a minimum term of imprisonment of 6 months."

"For the purposes of sentencing…a felony violation of this section committed by a person acting in furtherance of a riot or an aggravated riot…is ranked one level above the ranking…for the offense committed."

10

"Any person who, without the consent of the owner thereof, willfully and maliciously defaces, injures, or otherwise damages by any means a memorial or historic property…and the value of the damage to the memorial or historic property is greater than $200, commits a felony of the third degree. A court shall order any person convicted of violating this subsection to pay restitution, which shall include the full cost of repair or replacement of such memorial or historic property."

vii. "It is unlawful for any person to willfully and maliciously destroy or demolish any memorial or property, or willfully and maliciously pull down a memorial or historic property, unless authorized by the owner of the memorial or historic property. A person who violates this section commits a felony of the second degree."

"A court shall order any person convicted of violating this section to pay restitution, which shall include the full cost of repair or replacement of such memorial or historic property."

viii. "[I]f the burglary is committed during a riot or an aggravated riot...and the perpetration of the burglary is facilitated by conditions arising from the riot...the burglary is a felony of the second degree."

"[I]f the property is stolen during a riot or an aggravated riot…and the perpetration of the theft is facilitated by conditions arising from the riot…the theft is a felony of the first degree...A person arrested for committing a theft during a riot or an aggravated riot…may not be released until the person appears before a committing magistrate at a first appearance hearing."

ix. "(1) In a civil action for damages for a personal injury, wrongful death, or property damage, it is an affirmative defense that such action arose from an injury or damage sustained by a participant acting in furtherance of a riot. The affirmative defenses…shall be established by evidence that the participant has been convicted of a riot or an aggravated

12

riot; (2) In a civil action…the court must, on a motion by the defendant, stay the action during the pendency of a criminal action that forms the basis for the defense."

"A violation of this section, if committed by a person in furtherance of a riot or an aggravated riot…is ranked one level above…for the offense committed."

17.    Under the Bill, "[a] person commits a riot if he or she willfully participates in a violent public disturbance involving an assembly of three or more persons, acting with a common intent to assist each other in violent and disorderly conduct, resulting in: (a) Injury to another person; (b) Damage to property; or (c) Imminent danger of injury to another person or damage to property. A person who commits a riot commits a felony of the third degree."

18.    The Bill also provides that,"[a] person commits aggravated rioting if, in the course of committing a riot, he or she: (a) Participates with 25 or more other persons; (b) Causes great bodily harm to a person not participating in the riot; (c) Causes property damage in excess of $5,000; (d) Displays, uses, threatens to use, or attempts to use a deadly weapon; or (e) By force, or threat of force, endangers the safe movement of a vehicle traveling on a public street, highway, or road. "

"A person who commits aggravating rioting commits a felony of the second degree."

19.    "A person who commits inciting a riot if he or she willfully incites another person to participate in a riot, resulting in a riot or imminent danger or a riot. A person who commits inciting a riot commits a felony of the third degree."

20.    "A person commits aggravated inciting of a riot if he or she: (a) Incites a riot resulting in great bodily harm to another person not participating in the riot; (b) incites a riot resulting in property damage in the excess of $5,000, or; (c) supplies a deadly weapon to another person or teaches another person to prepare a deadly weapon with intent that the deadly weapon be used in a riot for an unlawful purpose. A person who commits aggravated inciting a riot commits a felony of the second degree."

21.    The Bill unconstitutionally targets protected speech, including protests against the murders of minorities at the hands of police officers – including the murders of George Floyd, Breonna Taylor, and Elijah McClain, which cannot be properly characterized as "directed to inciting or producing

14

imminent lawless action and an [] likely to incite or produce such action." Brandenburg v. Ohio, 395 U.S. 444,447 (1966). The Bill unconstitutionally threatens to impose liability on individuals expressing their rights to free speech regardless of their intent to incite violence, the likelihood that their speech will result in violence, or the imminence of the intended violence.

22.    The Bill's terms are unconstitutionally overbroad, reaching speech that encourages or advises but does not incite unlawful activity.

23.    The Bill is unconstitutionally vague, such that it does not provide individuals proper notice of what forms of free speech will expose them to civil and criminal liability and invites arbitrary enforcement.

24.    Even if a person is not present at an event that began as a peaceful demonstration but becomes a classified as "riot" where acts of violence or force occur, that person risks civil liability under the Bill by advising or encouraging those present to deface memorials or historic property.

25.    The Bill describes its purpose as combatting public disorder. **Ex. A**, p. 1 (Doc. 1-1).

26.    The Bill targets protests against the murders of minorities at the hands of police officers – including the murders of George Floyd, Breonna Taylor, and Elijah McClain.

27.     DeSantis praised the Bill for being "the strongest anti-rioting, pro-law-enforcement piece of legislation in the country." <u>See</u> Business Insider "Florida Gov. Ron DeSantis Signs 'Anti-Riot' Bill That Grants Civil Immunity to Drivers Who Hit Protesters and Protects Budgets From Being Cut" found at https://www.businessinsider.com/florida-gov-ron-desantis-signs-anti-riot-bill-2021-4

28.     The Bill is aimed at cracking down on public disturbances and local governments that interfere with efforts to stop a riot.

29.     On Saturday, April 24th, 2021, Lawyers Matter and Fictitious Plaintiff 1 intend on exercising their freedom of speech rights at a peaceful demonstration honoring George Floyd and other victims of racism and police brutality. A true and exact copy of the informational flyer is attached to the Complaint as **Exhibit B** (Doc. 1-2) and incorporated herein by reference.

30.     On Saturday, May 15th, 2021, Petitioners seek to exercise their freedom of speech rights at a peaceful demonstration honoring George Floyd and other victims of racism and police brutality.

16

31.     However, the signing of the Anti-Riot Bill on April 19, 2021 by DeSantis effectively barred Plaintiffs from exercising their free speech rights because of the resulting penalty of arrest by Sheriff Mina and imprisonment by A.G. Moody in the State of Florida.

32.     According to DeSantis, the Bill is a "really remarkable if you look at the breadth of this particular piece of legislation." He further stated the Bill, "strikes the appropriate balance of safeguarding every Floridians' constitutional right to peacefully assemble, while ensuring that those who hide behind peaceful protest to cause violence in our communities will be punished." See Business Insider Art. Published April 19, 2021.

33.     The breathtaking scope of the Bill includes granting civil immunity to people who drive into peaceful demonstrators if such demonstration blocks a road,  prevents people accused of "rioting" from bailing out of jail until *after* their first court appearance, increases penalties for assaulting law enforcement officers while engaging in a "riot," penalizing local governments that interfere with efforts to stop a "riot," and allows law enforcement agencies that face funding reductions to file objections.

34.     Plaintiffs oppose the Bill for several reasons. These include, but are not limited to: (a) the definitions provided in an attempt to clarify what

constitutes a riot, aggravated riot, or inciting of a riot or aggravated riot; (b) provisions that force civil liability onto those who lawfully express their first amendment rights in the form of a peaceful demonstration that may turn into a "riot" despite no intent to incite a riot or promote force; and (c) refusing those arrested for such violations the right to bail until after their first court appearance.

35.     Plaintiffs have provided, and plans to provide additional funding, networked, and other encouragement to individuals who plan to peacefully exercise free speech relating to police brutality of minorities – specifically the murders of George Floyd, Breonna Taylor, and Elijah McCLain.

36.     Plaintiffs are not inciting any individuals to commit imminent violent or forceful actions constituting a "riot". To the contrary, Plaintiffs advocate against the use of violence wile promoting peaceful free speech demonstrations.

37.     Plaintiffs plan to advise and encourage others to exercise their free speech rights through peaceful methods.

BATES LIGON, PLLC
111 North Orange Avenue, Suite 800
Orlando, FL 32801
http://www.fltriallawyers.com

38.    Due to their planned activity on May 15th, 2021, Plaintiffs now fear prosecution and imposition of civil liability under the Bill.

39.    The advice, funding, and other support Plaintiffs planned to provide on May 15th, 2021, in order to encourage or advise participation of their members in peaceful demonstrations. Of course, any peaceful demonstration can be characterized as a "riot" due solely on the misconduct of one or two individuals – without any intent by Plaintiffs. As it relates to the planned demonstration, perceived unlawful violence, acts of force, or arrests may occur, even violence perpetrated by law enforcement.

40.    Plaintiffs fear criminal and civil liability under the Bill not withstanding their lack of intent to cause a "riot" or incite a "riot."

41.    Plaintiffs must choose between encouraging and advising peaceful demonstrations, on the one hand, and exposing themselves to prosecution and civil liability under the Denounced Laws, on the other. Refraining from encouraging and advising peaceful demonstrations constitutes self-censorship at a loss of Plaintiffs' First Amendment rights.

42.    The Denounced Laws chill the free speech and expression of Plaintiffs and others who wish to engage in encouraging and advising peaceful demonstrations because they must refrain from such expressive activity to

avoid the risk of prosecution. Moreover, the conduct barred by the Bill is already proscribed by laws currently on the books of the state of Florida.

43.    The Bill is not narrowly tailored to achieve the government interest of Combating Public Disorder. Unwarranted violence or public disorder during a demonstration is already illegal under Florida law.

44.    The governments' reported interest in preventing "riots" is already established by existing Florida criminal statutes.

45.    The governments' reported interest in dissuading public free speech demonstrations by increasing criminal penalties for violating the Bill.

46.    The governments' reported interest in creating affirmative defenses to a civil action where the Plaintiff participated in a "riot" is already addressed by Florida's wide latitude in the provision of affirmative defenses to any claim.

47.    Preventing any peaceful demonstration consisting of more than three individuals as an effort to end or "riots" is not a valid government interest.

BATES LIGON, PLLC
111 North Orange Avenue, Suite 800
Orlando, FL 32801
http://www.fltriallawyers.com

## COUNT I – FIRST AMENDMENT – SPEECH AND EXPRESSIVE CONDUCT

47.     Plaintiffs hereby reassert by reference in this Count 1 the allegations of Paragraphs 1 through 46 of this First Amended Complaint as if fully set forth herein.

48.     The Denounced Laws target and impermissibly burden protected speech, including speech in the form of demonstrations advocating for police reform, opposes racism, or is viewed as controversial.

49.     The Denounced Laws are content-based regulations that prohibit constitutionally protected speech meant to accomplish a political goal, including Plaintiffs' planned encouragement and advising of participating in such forms of self-expression.

50.     The Denounced Laws are narrowly tailored to serve a substantial government interest, and not the interest of those subjected to the Denounced Laws, including Plaintiffs.

51.     The Denounced Laws reach far beyond the type of expression that allows a state to legitimately punish on bases of said expression. They suppress provocative speech already protected by the Supreme Court's holding in *Brandenburg*, thereby "impermissibly intrud[ing]" upon the First

Amendment rights of speakers. <u>Brandenburg v. Ohio</u>, 395 U.S. 444, 448 (1966).

52.     The Denounced Laws fail to include a specific intent requirement or to require that the prohibited speech be likely to produce imminent lawless action.

53.     The Bill makes organizations liable for their association with, and speech regarding, any individual who may be arrested in furtherance to a "riot", even if the organization itself does not possess unlawful goals or the intent to commit an unlawful act. The State may limit unlawful acts in furtherance to a riot, but by limiting speech and conduct related to lawful action that leads to arrest, the Bill reaches a substantial amount of protected speech and association.

54.     The potential liability to organizations prevents them from effectively advocating for their views, even though group association enhances advocacies.

BATES LIGON, PLLC
111 North Orange Avenue, Suite 800
Orlando, FL 32801
http://www.fltriallawyers.com

55.    As such, the Anti-Riot Bill is unconstitutional facially and as-applied to the planned, peaceful speech and expressive conduct of Plaintiffs, and any other persons subject to these laws.

## COUNT II – EIGHTH AMENDMENT – EXCESSIVE BAIL CLAUSE, CRUEL AND UNUSUAL PUNISHMENT

56.    Plaintiffs hereby reassert by reference in this Count II the allegations of Paragraphs 1 through 46 of this First Amended Complaint as if fully set forth herein.

57.    The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishments. U.S.C.S. Const. Amend. VIII (1791).

58.    A paradigm, cruel and unusual punishment, is one that deprives an individual of a constitutional right without a legitimate and rational government purpose.

59.    The Anti-Riot Bill generates a cruel and unusual punishment by depriving a presumably innocent citizen of the right to assemble, the right to timely bail, and a right to a punishment that has not been arbitrarily enhanced.

60.    Plaintiffs intended to exercise their right to assemble and peacefully demonstrate opposition of police brutality toward minorities on April 24th, 2021. Plaintiff's further plan to exercise their right to assemble and peacefully demonstrate on May 15th, 2021.

61.    In reliance on the United States Constitution and Florida precedent, Plaintiffs organized, encouraged, and funded peaceful demonstrations and expressions of free speech set to take place on April 24th, 2021. Furthermore, Plaintiffs plan to organize, encourage and fund future demonstrations, specifically a demonstration planned on May 15th, 2021.

62.    As part of these preparations, Plaintiffs expended personal and private financial resources.

63.    DeSantis' signing of the Bill into law on April 19th, 2021, generated what appears to be the intended effect (but whatever intentional or inadvertent the effect, the Bill's violation of the Constitution happens and continues). The ability of Plaintiffs to conduct peaceful demonstration without fear of retaliation was impaired.

BATES LIGON, PLLC
111 North Orange Avenue, Suite 800
Orlando, FL 32801
http://www.fltriallawyers.com

64.     Plaintiffs are no longer able to obtain co-sponsors or co-organizers since the other persons fear criminal prosecution under the Bill for organizing demonstrations.

65.     Plaintiffs are also unsure of what responsibilities each has under the law (ie. the Bill) for the action of demonstration attendees in the future.

66.     In particular, each Plaintiff remains unsure of how their respective duties change from when the demonstration has eight attendees rather than nine. For example, do infants or the incompetent count? Do non-citizens count?

67.     The Anti-Riot Bill should be declared unconstitutional since it *not* only is interlocally vague and without legitimate government purpose, but the Bill also imposes unconstitutional financial penalties on persons without affording them due process of the law (Fourteenth Amendment) and punishment without culpability (Financial and Constitutional Deprivation) in violation of the Eighth Amendment.


## COUNT III – FOURTEENTH AMENDMENT – DUE PROCESS

68.     Plaintiffs hereby reassert by reference in this Count III the allegations of Paragraphs 1 through 46 of this First Amended Complaint as if fully set forth herein.

69.     The Denounced Laws, which prohibit encouraging and advising persons from participating in a "riot," "acting with common intent," or using acts of force are, on their face, void for vagueness.

70.     The Denounced Laws fail to give fair notice to reasonable individuals or organizations about what conduct constitutes engaging in a "riot," or violation of the criminal law in "furtherance of a riot." Because of this, they cannot be enforced in a consistent manner and invite arbitrary and discriminatory enforcement set to deter constitutionally protected speech. They thus violate the Due Process Clause of the Fourteenth Amendment.

**WHEREFORE** Plaintiffs hereby request this Court issue an order against Defendants providing that: (1) the Denounced Laws target and impermissibly burden protected speech, including speech in the form of demonstrations against police brutality of minorities; (2) the Denounced Laws

26

are content-based regulations that prohibit constitutionally-protected speech meant to accomplish a political goal, including Plaintiffs' planned encouragement and advisement of peaceful demonstrations and self-expression; (3) the Denounced Laws are not narrowly tailored to serve a substantial government interest; (4) the Denounced Laws reach far beyond the type of expression that a state may legitimately punish. They suppress provocative speech and do not comply with the Supreme Court's holding in *Brandenburg,* thereby "impermissibly intrud[ing]" upon the First Amendment rights of speakers. Brandenburg v. Ohio, 395 U.S. 444,448 (1966); (5) the Denounced Laws fail to include a specific intent requirement or to require that the prohibited speech be likely to produce imminent lawless action or violence; (6) the Denounced Laws impermissibly make organizations liable for their association with individuals who may be arrested at a "riot," even if the organization itself does not possess unlawful goals and individuals in the organization do not possess the intent to commit an unlawful act; (7) the Denounced Laws impermissibly make organizations liable for their association with, and speech regarding, individuals who may be arrested at a "riot." Getting arrested is not an unlawful act. The State of Florida may limit unlawful acts, but by limiting speech and conducted related to unlawful action

27

that leads to arrest, the Bill violates a substantial amount of protected speech and association; (8) the Denounced Laws impermissibly assert that organization liability attaches even if the organizations associations with an individual who is subsequently arrested was not imminently related to the individuals arrest because there is no temporal limit on an organizations' funding or encouragement of peaceful demonstrations and an eventual arrest. In effect, the Bill creates a perpetual threat of liability to Plaintiffs and others in the event that anyone Plaintiffs encourage, or assist is arrested at any point in the future. Accordingly, the Bill illegally restricts protected speech and association; (9) the Bill imposes violative liability to organizations so as to prevent them from effectively advocating for their views even though group association enhances their advocacy efforts; (10) the Defendants are authorized to enforce the Denounced Laws. As such, the Anti-Riot Law is unconstitutional facially, and as applied to the planned peaceful speech and expressive conduct of the Plaintiffs on April 24th, 2021 and May 15th, 2021; (11) The Denounced Laws, which prohibit encouraging and advising persons participating in a "riot" to engage in acts of force of violence, are, on their

BATES LIGON, PLLC
111 North Orange Avenue, Suite 800
Orlando, FL 32801
http://www.fltriallawyers.com

face, void for vagueness; and (12) the Denounced Laws fail to give fair notice to reasonable individuals regarding what conduct constitutes a "riot" or "inciting a riot" in violation of the Bill. Because of this, the Denounced Laws cannot be enforced in a consistent manner, they invite arbitrary and discriminatory enforcement, and they deter constitutionally protected free speech. Therefore, the Denounced Laws also violate the Due Process Clause of the Fourteenth Amendment. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoin Defendants, and all persons acting in concert with them, from enforcing portions of the Bill, and the criminal statutes relating to the Bill, against Plaintiffs and others, specifically provisions which attach liability for individual or organizations who direct, advise, or encourage other persons at a demonstration to engage in acts of force or violence; award to Plaintiffs their costs and reasonable attorneys' fees in the case *sub judice*; and for such other and further relief as the court deems just and proper.

Respectfully submitted this 30th of April, 2021.

s/Aaron Carter Bates_____
Aaron Carter Bates
Florida Bar No. 011749
BATES LIGON PLLC
111 N. Orange Ave., Suite 834
Orlando, FL 32801

Phone: (407) 476-0620 ex.1620
Fax: (407) 627-1293
abates@fltriallawyers.com

**Counsel for Plaintiff**

BATES LIGON, PLLC
111 North Orange Avenue, Suite 800
Orlando, FL 32801
http://www.fltriallawyers.com