IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEGACY ENTERTAINMENT
& ARTS FOUNDATION, INC
d/b/a LAWYERS MATTER TASK
FORCE; BLACK LIVES MATTER
TAMPA, LLC; COMMUNITY
EMPOWERMENT PROJECT, INC.;
and LEWANNA GELZER,

    Plaintiffs,

v.                                      Case No: 6:21-CV-00698

RONALD DION DESANTIS, in his
official capacity as Governor of the
State of Florida; ASHLEY BROOKE
MOODY, in her official capacity as
Attorney General of the State of Florida;
and JOHN WILLIAM MINA, in his
official capacity as Sheriff of Orange
County, Florida,

    Defendants.
_____/

**DEFENDANT JOHN WILLIAM MINA'S MOTION TO DISMISS AND
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR
INJUNCTIVE RELIEF**

COMES NOW the Defendant, JOHN WILLIAM MINA, (Hereinafter "Sheriff Mina"), who through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) moves this honorable court to dismiss the Plaintiffs' First Amended Complaint (Doc. 5) and as grounds therefor states:

1

## I    GROUNDS FOR DISMISSAL

Plaintiffs sued Sheriff Mina after the enactment of CS/HB 1 which was styled as "An act relating to combating public disorder" (Hereinafter "the Act"). Sheriff Mina moves to dismiss all of the Plaintiffs' claims alleged in the First Amended Complaint (hereinafter "Complaint"). The Complaint fails to establish a case or controversy involving Sheriff Mina that is ripe for review by the court, fails to demonstrate that Plaintiffs have standing to assert claims against Sheriff Mina, wholly fails to state a cognizable claim for relief or cause of action against Sheriff Mina, lacks any factual or legal support for claims against Sheriff Mina, and fails to establish any basis for injunctive relief against Sheriff Mina.

It is worth noting that the Complaint only references Sheriff Mina, in the case caption, the introductory paragraph, paragraph 13 (identifying him as the Sheriff), and in paragraph 31. In paragraph 31, the Plaintiffs assert that the Act "effectively barred Plaintiffs from exercising their free speech rights because of the resulting penalty of arrest by Sheriff Mina . . ." However, Plaintiffs do not allege that Sheriff Mina has taken any action to prohibit or threaten the Plaintiffs from exercising their free speech rights.  Accordingly, this court should dismiss all the counts directed to Sheriff Mina and deny the Plaintiffs' request for injunctive relief.

## II    MEMORANDUM OF LAW

A. *Standard of Review*

A Rule 12(b)(6) motion to dismiss questions the legal sufficiency of a complaint. In assessing the merits of a Rule 12(b)(6) motion, the court must assume all of the factual allegations set forth in the complaint are true.[1] In evaluating the sufficiency of a complaint, the court must accept "well pleaded facts as true and resolve them in the light most favorable to the plaintiff."[2] However, if the plaintiff can prove no set of facts that would entitle them to relief, then the defendant is entitled to a dismissal for failure to state a claim. Although the plaintiff is not held to a high standard on a Rule 12(b)(6) motion, the plaintiff is still required to "allege some specific factual basis for those conclusions or face dismissal" of the claim.[3] Additionally, a plaintiff's bare assertions amounting to nothing more than a formulaic recitation of the elements of a claim are not entitled to be assumed true.[4]

Before a court can consider the merits of a challenge, a plaintiff must allege facts which establish standing.[5] In particular, a plaintiff must show that they have suffered an injury-in-fact which is not merely hypothetical.[6] It is a plaintiff's burden to establish standing.

---

[1] Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).
[2] Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998).
[3] Jackson v. Bellsouth, 372 F.3d 1250, 1263 (11th Cir. 2004).
[4] APR Energy, LLC v. Pakistan Power Resources, LLC, 653 F. Supp. 1227 (M.D. Fla. 2009).
[5] Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).
[6] Id.

Plaintiffs mount a "facial challenge" and an "as-applied" challenge to the Act. To prevail on their "facial challenge," the Plaintiffs bear a high burden of proving that the Act could never be applied in a constitutional manner.[7] To the extent the Plaintiffs mount a facial overbreadth challenge to the Act, they must show that the Act punishes a substantial amount of protected free speech.[8] To prevail on an as-applied challenge, Plaintiffs must prove some injury has occurred or is imminent that requires vindication.[9] In the instant case, Plaintiffs are unable to meet any of these burdens.

The Plaintiffs request the drastic and extraordinary remedy of injunctive relief. However, the Complaint fails to "clearly establish" each element necessary to prevail on the claim for injunctive relief.[10] Therefore, this court should deny the Plaintiff's claim for injunctive relief.

B. <u>Argument</u>

1. <u>Plaintiffs Do Not Have Standing to Challenge the Act</u>

It is well-settled that in order to proceed on a constitutional challenge, a Plaintiff must satisfy the threshold requirement imposed by Article III of the Constitution by

---

[7] DA Mortg., Inc., v. City of Miami Beach, 486 F. 3d 1254 (11th Cir. 2007).
[8] Doe v. Valencia College, 903 F. 3d 1220 (11th Cir. 2018).
[9] See Ward v. County of Orange, 217 F. 3d 1350, 1356 (11th Cir. 2000). Appellant's as-applied challenge was not "a ripe controversy, as it has failed to apply for a license and has failed to show it would have been futile to do so." In the instant case, Plaintiffs have failed to demonstrate any basis for believing their peaceful demonstrations will be impeded by Sheriff Mina.
[10] Sheets v. City of Punta Gorda, Florida, 415 F. Supp. 3D 1115 (M.D. Fla. 2019).

alleging an actual case or controversy.[11] To meet this burden, Plaintiffs "must allege facts from which it appears there is a substantial likelihood that [they] will suffer injury in the future."[12] A Plaintiff must demonstrate that he "has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'"[13] "[E]ven under the more lenient requirements for standing applicable to First Amendment overbreadth challenges, it still remains the law that plaintiffs must establish that they have suffered some injury-in-fact as a result of the defendant's actions."[14] When a plaintiff fails to meet its burden, the Court lacks the power to create jurisdiction by embellishing a deficient allegation of injury.[15] The Plaintiffs have failed to establish that they have standing to assert their claims against Sheriff Mina.

In the case at bar, the Plaintiffs are bringing a preenforcement challenge to the Act. While challenging a law prior to any enforcement of that law is allowable, the plaintiff must show that enforcement is sufficiently imminent to satisfy the injury-in-fact requirement.[16] This threshold is met where the plaintiff intends to engage in constitutionally protected activity that is prohibited by law and there is a credible

---

[11] City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).
[12] Malowney v. Fed. Collection Deposit Grp., 193 F. 3d 1342, 1346 (11th Cir. 1999).
[13] Id. at 102
[14] Bischoff v. Osceola County, 454 U.S. 874, 884 (11th Cir. 2000).
[15] Elend v. Basham, 471 F.3d 1199 (11th Cir. 2006).
[16] Susan B. Anthony v. Driehaus, 573 U.S. 149, 159 (2014).

threat of prosecution for engaging in said activity.[17]  The allegations of the Complaint belie any argument that the Plaintiffs can satisfy the injury-in-fact requirement for a preenforcement challenge.

The Plaintiffs' Complaint undeniably establishes that they do NOT intend to violate the Act.  (Doc. 5 ¶¶ 35-37).  They expressly state that they will engage in, or encourage others to participate in, peaceful protests which are not violative of the Act. (Doc. 5 ¶¶ 35-37).  Given this allegation, the Plaintiffs cannot establish that there is a credible risk of prosecution for violating the Act

Furthermore, the Plaintiffs' Complaint requires the court to speculate about what may or may not happen in the future. The Plaintiffs suggest this court can speculate that people who are not parties to this lawsuit may choose to willfully engage in violent riotous conduct at some unknown point in the future and, without further explanation, Plaintiffs expect this court to speculate that the undescribed conduct of these third party actors may result in the "penalty of arrest" or civil liability for the Plaintiffs.  Such speculation is insufficient to establish the existence of a present, live controversy, warranting judicial review.  "Absent a redressable injury, a judicial determination of a plaintiff's claim would amount to an advisory opinion prohibited

---

[17] Babitt v. Farm Workers, 442 U.S. 289, 298 (1979).

by Article III's case and controversy requirement."[18] Ultimately, the Plaintiffs cannot show an injury-in-fact sufficient to establish standing to challenge the Act.

### 2. *Plaintiffs Fail to State a Cause of Action Against Sheriff Mina*

The allegations in the Complaint fail to assert any cognizable claim against Sheriff Mina. Accepting the Plaintiffs' assertions as true, Plaintiffs only intend to "advise and encourage others to exercise their free speech rights through peaceful methods," and "Plaintiffs advocate against the use of violence while promoting peaceful free speech demonstrations." (Doc. 5 ¶¶ 36, 37). Those activities are not prohibited under the Act. Additionally, Plaintiffs do not allege that Sheriff Mina has threatened them, or anyone else for that matter, with arrest for engaging in free speech demonstrations or for advising or encouraging others to exercise free speech rights.

The Plaintiffs assert, without any factual support, that they cannot engage in free speech activity "because of the resulting penalty of arrest by Sheriff Mina." (Doc. 5 ¶31). This is the only paragraph in the entire complaint where Plaintiffs assert any connection between Sheriff Mina and the Act. The Plaintiffs point to no facts supporting their claim that they are "effectively barred from exercising their free speech rights because of the resulting penalty of arrest by Sheriff Mina." They have pointed to no facts supporting their belief that Sheriff Mina intends to arrest them

---

[18] Church v. City of Huntsville, 30 F.3d 1332 (11th Cir. 1994).

for "exercising their free speech rights" or for "promoting peaceful free speech demonstrations." Ultimately, the Plaintiffs' claims are bare assertions insufficient to support a cause of action as to this allegation.

Plaintiffs' Complaint includes three distinct counts: Count I (First Amendment – Speech and Expressive Conduct); Count II (Eighth Amendment – Excessive Bail Clause, Cruel and Unusual Punishment);[19] and Count III (Fourteenth Amendment – Due Process). Each of those counts includes a paragraph where Plaintiffs reassert by reference the allegations in Paragraphs 1 through 46 of the Complaint. Notwithstanding that incorporation by reference, for the reasons stated above, the Plaintiffs wholly fail to establish a basis for asserting viable First, Eighth, or Fourteenth Amendment claims against Sheriff Mina.

### 3. *Plaintiffs Failed to Demonstrate Elements Necessary for Injunctive Relief*

Plaintiffs seek injunctive relief – a drastic and extraordinary remedy. "[A] party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury."[20] To justify the issuance of injunctive relief, Plaintiffs must demonstrate (1) "a substantial likelihood of success on the merits; (2) irreparable

---

[19] It is worth noting that Sheriff Mina does not have any responsibility for the operation of the Orange County Jail. That responsibility rests with Orange County, Florida.
[20] Church v. City of Huntsville, 30 F.3d 1332 (11th Cir. 1994).

injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."[21] Plaintiffs must clearly establish each element in order to prevail on their claim for injunctive relief.

As stated above, to the extent that the Plaintiffs allege they are concerned about being arrested for engaging in peaceful protesting, that allegation is purely unsupported speculation. There is nothing to suggest that the Plaintiffs are at risk of arrest merely for exercising their right to free speech. The absence of this critical point highlights the Plaintiffs' failure to identify any potential injury. Accordingly, the Plaintiffs cannot meet their burden to establish that an injunction against the Sheriff is needed to prevent irreparable injury.

Also, the Plaintiffs' Complaint asserts that they intend to engage in peaceful protests and they will not willfully engage in or encourage others to engage in violent public disturbances. These facts, coupled with the language of the Act which expressly allows peaceful protests and prohibits people from willfully participating in "violent public disturbances," establishes that the Plaintiffs lack any factual or legal basis for asserting their claims for injunctive relief.

---

[21] Sheets v. City of Punta Gorda, Florida, 415 F. Supp. 1115 (M.D. Fla. 2019), quoting Siegel v. LePore, 234 F. 3d 1163, 1176 (11th Cir. 2000).

### III    CONCLUSION

The Plaintiffs' Complaint and request for injunctive relief against Sheriff Mina should be dismissed by this Court.  First, there is no case or controversy as required to establish standing.  Specifically, the Plaintiffs cannot establish an injury-in-fact as required by the Constitution.  Also, the Complaint fails to state a cause of action against Sheriff Mina.  Finally, the Plaintiffs' have not plead the elements necessary to show entitlement to injunctive relief.  Therefore the Amended Complaint (Doc.5) should be dismissed.

### CERTIFICATE OF SERVICE

I HEREBY certify that on June 1, 2021, I electronically filed the foregoing with the Clerk of Courts by using the ECF system which will send notice of electronic filing to AARON CARTER BATES, Esq. at acbates@fltriallawyers.com and ANITA PATEL, Esq. at anita.patel@myflorida legal.com.

/s/ Austin Moore
Austin Moore
General Counsel
Florida Bar No. 0643262
Eric D. Dunlap
Assistant General Counsel
Florida Bar No. 897477
Orange County Sheriff's Office
Legal Services
2500 West Colonial Drive
Orlando, FL 32804
(407) 254-7170
Austin.Moore@ocfl.net
Eric.Dunlap@ocfl.net